IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JEREMY L. RANKINS                                                                                                  PLAINTIFF

v.                                              Civil No. 4:20-cv-04023

CITY DEPUTY DAVID SHELBY,
Murfreesboro, Arkansas; HOLLY ROMERO,
Arkansas Community Correction Parole Office;
and INVESTIGATOR JEREMY McBRIDE,
Hope, Arkansas                                                                                                  DEFENDANTS

## ORDER

Currently before the Court is Plaintiff's failure to keep the Court informed of his address. On February 25, 2020, Plaintiff Jeremy L. Rankins filed this 42 U.S.C. § 1983 action *pro se*. (ECF No. 1). On April 7, 2020, Plaintiff's application to proceed *in forma pauperis* was granted. (ECF No. 6). On April 22 and May 7, 2020, mail sent to Plaintiff at his address of record was returned as undeliverable and marked "RETURN TO SENDER; RANKINS, JEREMY; BOX CLOSED; UNABLE TO FORWARD" and "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD." (ECF Nos. 10, 11).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of June, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge